# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ALLA IOSIFOVNA SHUPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:14-cv-00506-GZS |
| | ) |
| FALMOUTH MEMORIAL LIBRARY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ON ALL PENDING MOTIONS

**1.    Application To Proceed *In Forma Pauperis***

Before the Court is Plaintiff Alla Iosifovna Shuper's Application to Proceed *In Forma Pauperis* (ECF No. 7). The Court hereby GRANTS Plaintiff leave to proceed *in forma pauperis* in this action.

**2.    Change In *Pro Se* Filing Status**

Plaintiff Shuper has also filed a Motion to Accept the Change in *Pro Se* Filing, thereby requesting that she be permitted to file documents manually rather than electronically (ECF No. 2). The Court GRANTS the Motion.

**3.    Review Of The Complaint Under 28 U.S.C. § 1915(e)(2)**

Upon the Court's review of the Complaint, the Court concludes that the case must be dismissed in accordance with 28 U.S.C. § 1915(e)(2). The Court notes that parts of the handwritten Complaint (ECF No. 1) are simply illegible, and it is otherwise difficult to discern the allegations stated in the Complaint. However, this lawsuit by the *pro se* litigant is similar to the twenty-four

other cases filed by her within a span of ten days. The Court liberally reads the Complaint to allege the following:

Plaintiff Shuper names as defendants Falmouth Memorial Library, David, Merebeth, Sheilla, Jeannie, William and Ms. Conway. The Complaint alleges that in 2013, Plaintiff Shuper began to be discriminated against by David, an employee of Falmouth Memorial Library. (Compl. (ECF No. 1) ¶ 1.) The Complaint alleges that David used the word "accused" in reference to Plaintiff Shuper, and that Plaintiff Shuper filed a petition and a complaint regarding this conduct. (Id. ¶¶ 2, 3.)

The Complaint next alleges that in November 2014, a different employee, Jeannie D., was inappropriate when she tried to explain to Plaintiff Shuper that Plaintiff Shuper needed a document but Jeannie D. did not know what should be on that document. (Id. ¶ 5.) After Plaintiff Shuper spoke with Jeannie D., Plaintiff Shuper spoke with the librarian in the children's area, William. (Id. ¶ 6.) William did not have any problems with Plaintiff Shuper until Jeannie D. approached William's desk with the Assistant Manager, Ms. Conway, at which point, he became aggressive towards Plaintiff Shuper. (Id. ¶¶ 6, 7.)

The Complaint further alleges that Ms. Shuper's application to volunteer with the Falmouth Memorial Library has been denied three times and that the denials are a violation of the Americans with Disabilities Act. (Id. ¶ 9.) The Complaint also alleges that on November 25, 2014, Jeannie D. did not want to accommodate Plaintiff Shuper's service dog. (Id. ¶ 11.) The Complaint next alleges that Merebeth called the Director of the Library because Plaintiff Shuper stated out loud that she does not and will never speak with David. (Id. ¶ 12.)

The Complaint further alleges that the employees of the Falmouth Memorial Library have discriminated against Plaintiff Shuper because: (1) they did not make any changes after David

2

used the word "accused" against Plaintiff Shuper after she asked for a receipt for her paid printing job (id. ¶ 15(1)); (2) the policies of Falmouth Memorial Library do not contain any requirement regarding service dogs (id. ¶ 15(2)); (3) service dogs are necessary for individuals with disabilities (id. ¶ 15(4)); (4) Jeannie D. told Plaintiff Shuper that a "special jacket" should be on Plaintiff's Shuper's dog, Duffy (id. ¶¶ 15(5), (6)); (5) Jeannie D. did not know what a doctor should include on a document regarding a reasonable accommodation (id. ¶¶ 15(6), (7)); all companies should have policies regarding individuals with disabilities, including those with mental disabilities (id. ¶ 15(8)). For relief, the Complaint requests $100,000. Attached to the Complaint is Plaintiff Shuper's Volunteer Application for the Falmouth Memorial Library. (See ECF No. 1-1.)

Liberally construing the Complaint, the Court cannot see any claim against the named Defendants. The Complaint makes multiple references to the Americans with Disabilities Act and reasonable accommodations. (See Compl. ¶¶ 7, 9, 11, 15.) At the threshold, to state a claim under the Americans with Disabilities Act, a plaintiff must allege that she is disabled within the meaning of the Act. See Bailey v. Georgia-Pac. Corp., 176 F. Supp. 2d 3, 7 (D. Me. 2001) aff'd on other grounds, 306 F.3d 1162 (1st Cir. 2002) ("As an initial step in making out any ADA claim, the Plaintiff must establish that [s]he is a person with a 'disability.'"); Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008); Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). In this case, the Complaint fails to allege that Plaintiff is disabled within the meaning of the ADA. The only statement that Plaintiff Shuper is a "disable[d] citizen" is found in Plaintiff's Certificate of Service. (Compl. at Page ID # 13.) The Court need not credit conclusory allegations or read into the Complaint facts that are not otherwise alleged. Wilson v. Brown, 889 F.2d 1195, 1196 n.3 (1st Cir. 1989) ("While this Court will read a *pro se* complaint more leniently than one drafted by an attorney, we decline to fabricate unpleaded facts to support conclusory allegations."); Barr

v. W. Bath Dist. Court, 674 F. Supp. 2d 304, 306 (D. Me. 2009) (stating that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and applying Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atlantic Corp v. Twombly, 550 U.S. 544 (2007) to a *pro se* complaint). For this reason alone, the Complaint fails to state a claim under the Americans with Disabilities Act.

Nonetheless, to the extent that Plaintiff Shuper is attempting to assert a claim under Title I of the ADA, 42 U.S.C. § 12112, and assuming without deciding that a volunteer position at the Falmouth Memorial Library might fall within the ambit of Title I, Plaintiff Shuper has not alleged that she complied with the mandatory procedural requirements prior to filing suit or that she is a "qualified person" capable of performing the essential elements of a job with or without an accommodation. 42 U.S.C. §§ 2000e-5 to -9; see also 42 U.S.C. §§ 12117(a), 12203(c); Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc., 748 F.3d 387, 389 (1st Cir. 2014) (providing that an individual must file a charge of discrimination with the Equal Employment Opportunity Commission within 300 days and upon receiving a right-to-sue letter, must file suit within 90 days, and a failure to comply with these requirements is a barrier to suit); Carroll v. Xerox Corp., 294 F.3d 231, 237 (1st Cir. 2002) (providing that to state a claim under Title I of the ADA, a plaintiff must allege: "(1) that he suffers from a disability or handicap, as defined by the ADA . . . , that (2) he was nevertheless able to perform the essential functions of his job, either with or without reasonable accommodation, and finally that (3) [the employer] took an adverse employment action against him because of, in whole or in part, his protected disability. As to his reasonable accommodation claim, [plaintiff] needs to show, in addition to the first two prongs set forth above, that [the employer], despite knowing of his alleged disability, did not reasonably accommodate it."). To the extent that Plaintiff is attempting to state a claim under Title III of the ADA, that

section provides a remedy only to an individual "who *is being subjected* to discrimination on the basis of disability in violation of this subchapter or who has reasonable grounds for believing that such person *is about to be subjected* to discrimination in violation of section 12183 of this title." 42 U.S.C. § 12188(a)(1) (emphasis added). In short, Title III does not apply to the Complaint, which seeks solely money damages. See Ruffin v. Rockford Memorial Hosp., 181 Fed. Appx. 582, 585 (7th Cir. 2006) (finding that the plaintiff failed to state a claim under Title III of the ADA where the Complaint concerned past events and sought only money damages). Therefore, the Court concludes that the Complaint fails to state a claim under the ADA.

The Complaint also fails to state a claim for violations of the Maine Human Rights Act ("MHRA") because the Court's analysis of the ADA claim applies with equal force to a MHRA claim. Bilodeau v. Mega Indus., 50 F. Supp. 2d 27, 32 (D. Me. 1999) ("In analyzing the ADA and MHRA, the Court need not continuously distinguish between the two statutes as to their scope and general intent because Maine courts consistently look to federal law in interpreting state anti-discriminatory statutes.").

In accordance with 28 U.S.C. § 1915(e)(2), the Court readily finds the present Complaint fails to state any cognizable claim. Therefore, the Complaint must be DISMISSED.

**4.  Motion To Amend The Complaint**

Also before the Court is Plaintiff Shuper's Motion to Amend the Complaint. (ECF Nos. 5 & 8.) Plaintiff Shuper's motion to amend attaches a Department of Justice document discussing the Americans with Disabilities Act and Service Dogs and states that the document was ignored by the staff of the Falmouth Memorial Library. (ECF Nos. 5 & 5-1.) Also attached to the motion to amend are two documents from the Falmouth Memorial Library that pertain to the Circulation Policy of the library and the Code of Conduct for the library. (ECF No. 5-2.) Plaintiff Shuper also

5

submitted a handwritten note from Jeannie D., which is largely illegible. (ECF No. 8.) Because the Court finds that the Motion to Amend would be futile under Federal Rule of Civil Procedure 15, the Motion to Amend is DENIED.

**5.    Conclusion**

The Clerk is directed to DISMISS this action and mail a copy of this Order to Plaintiff Shuper. Additionally, the Court certifies that any appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 19th day of December, 2014.